**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **GEOTAG INC.,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**FRONTIER COMMUNICATIONS CORPORATION**, *et al.*,<br><br>        **Defendant,** | **2:10-cv-00265** |
| **GEOTAG INC.,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**YELLOWPAGES.COM, LLC**, *et al.*,<br><br>        **Defendants,** | **2:10-cv-00272** |
| **GEOTAG INC.,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**GEORGIO ARMANI S.P.A.;** *et al.*,<br><br>        **Defendants,** | **2:10-cv-00569** |
| **GEOTAG INC.,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**AROMATIQUE, INC.;** *et al.*,<br><br>        **Defendants.** | **2:10-cv-00570** |

| | |
|---|---|
| **GEOTAG INC.,**<br><br>     **Plaintiff,**<br><br>**v.**<br><br>**GUCCI AMERICA, INC.;** *et al.*,<br><br>     **Defendants,** | **2:10-cv-00571** |
| **GEOTAG INC.,**<br><br>     **Plaintiff,**<br><br>**v.**<br><br>**STARBUCKS CORP.;** *et al.*,<br><br>     **Defendants.** | **2:10-cv-00572** |
| **GEOTAG INC.,**<br><br>     **Plaintiff,**<br><br>**v.**<br><br>**RENT-A-CENTER, INC.;** *et al.*,<br><br>     **Defendants.** | **2:10-cv-00573** |
| **GEOTAG INC.,**<br><br>     **Plaintiff,**<br><br>**v.**<br><br>**THE WESTERN UNION COMPANY;** *et al.*,<br><br>     **Defendants.** | **2:10-cv-00574** |

| | |
|---|---|
| **GEOTAG INC.,**<br><br>    **Plaintiff.**<br><br>v.<br><br>**ROYAL PURPLE, INC.;** e*t al.*,<br><br>    **Defendants.** | **2:10-cv-00575** |
| **GEOTAG, INC.,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**YAKIRA, L.L.C.;** e*t al.*,<br><br>    **Defendants.** | **2:10-cv-00587** |
| **GEOTAG INC.,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**WHERE 2 GET IT, INC.;** e*t al.*,<br><br>    **Defendants.** | **2:11-cv-00175** |
| **GEOTAG INC.,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**ZOOSK, INC.**<br><br>    **Defendant.** | **2:11-cv-00403** |

| | |
|---|---|
| **GEOTAG INC.,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**EYE CARE CENTERS OF AMERICA, INC.**<br><br>        **Defendant.** | **2:11-cv-00404** |
| **GEOTAG INC.,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**AMERCO,** *et al.*<br><br>        **Defendants.** | **2:11-cv-00421** |
| **GEOTAG INC.,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**7-ELEVEN, INC.,** *et al.,*<br><br>        **Defendants.** | **2:11-cv-00424** |
| **GEOTAG INC.,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**SUNBELT RENTALS, INC.**<br><br>        **Defendant.** | **2:11-cv-00425** |

| | |
|---|---|
| GEOTAG INC.,<br><br>      Plaintiff,<br><br>v.<br><br>CLASSIFIED VENTURES, LLC.<br><br>      Defendant. | 2:11-cv-00426 |
| GEOTAG INC.,<br><br>      Plaintiff,<br><br>v.<br><br>CANON INC. and,<br>CANON U.S.A., INC.,<br><br>      Defendants, | 2:12-cv-00043 |
| GEOTAG INC.,<br><br>      Plaintiff,<br><br>v.<br><br>AMERICAN APPAREL INC.,<br><br>      Defendant, | 2:12-cv-00436 |
| GEOTAG INC.,<br><br>      Plaintiff,<br><br>v.<br><br>ABERCROMBIE & FITCH CO.,<br><br>      Defendant, | 2:12-cv-00437 |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:12-cv-00438** |
| **AMERICAN EAGLE OUTFITTERS INC.,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:12-cv-00439** |
| **ANN INC.,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:12-cv-00441** |
| **BURLEIGH POINT LTD.,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:12-cv-00442** |
| **CATALOGUE VENTURES, INC.,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**BURBERRY LIMITED,**<br><br>    **Defendant,** | **2:12-cv-00443** |
| **GEOTAG INC.,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**BURLINGTON FACTORY**<br>**WAREHOUSE CORPORATION,**<br><br>    **Defendant,** | **2:12-cv-00444** |
| **GEOTAG INC.,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**CACHE INC.,**<br><br>    **Defendant,** | **2:12-cv-00445** |
| **GEOTAG INC.,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**THE WILLIAM CARTER COMPANY,**<br><br>    **Defendant,** | **2:12-cv-00446** |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:12-cv-00447** |
| **CHARMING SHOPPES INC.,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:12-cv-00448** |
| **CHICO'S FAS INC.,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:12-cv-00449** |
| **CITI TRENDS INC.,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:12-cv-00450** |
| **CLAIRE'S BOUTIQUES, INC.,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**COLDWATER CREEK INC.,**<br><br>    **Defendant,** | **2:12-cv-00451** |
| **GEOTAG INC.,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**DAVID'S BRIDAL INC.,**<br><br>    **Defendant,** | **2:12-cv-00452** |
| **GEOTAG INC.,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**DEB SHOPS INC.,**<br><br>    **Defendant,** | **2:12-cv-00453** |
| **GEOTAG INC.,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**DELIAS INC.,**<br><br>    **Defendant,** | **2:12-cv-00454** |

| | |
|---|---|
| **GEOTAG INC.,**<br><br>    **Plaintiff,**<br><br>  v.<br><br>**DESTINATION MATERNITY CORPORATION,**<br><br>    **Defendant,** | **2:12-cv-00455** |
| **GEOTAG INC.,**<br><br>    **Plaintiff,**<br><br>  v.<br><br>**DIESEL U.S.A. INC.,**<br><br>    **Defendant,** | **2:12-cv-00456** |
| **GEOTAG INC.,**<br><br>    **Plaintiff,**<br><br>  v.<br><br>**DONNA KARAN INTERNATIONAL INC.,**<br><br>    **Defendant,** | **2:12-cv-00457** |
| **GEOTAG INC.,**<br><br>    **Plaintiff,**<br><br>  v.<br><br>**LVMH MOET HENNESSY LOUIS VUITTON INC.,**<br><br>    **Defendant,** | **2:12-cv-00458** |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:12-cv-00459** |
| **DOTS, LLC,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:12-cv-00460** |
| **DRAPER'S & DAMON'S INC.,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:12-cv-00461** |
| **EDDIE BAUER LLC,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:12-cv-00462** |
| **ESPRIT US RETAIL LIMITED,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**FACTORY CONNECTION LLC,**<br><br>    **Defendant,** | **2:12-cv-00463** |

| | |
|---|---|
| **GEOTAG INC.,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**THE FINISH LINE INC.,**<br><br>    **Defendant,** | **2:12-cv-00464** |

| | |
|---|---|
| **GEOTAG INC.,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**FOREVER 21 RETAIL INC.,**<br><br>    **Defendant,** | **2:12-cv-00465** |

| | |
|---|---|
| **GEOTAG INC.,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**FORMAL SPECIALISTS LTD.,**<br><br>    **Defendant,** | **2:12-cv-00466** |

| | |
|---|---|
| **GEOTAG INC.,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**FREDERICK'S OF HOLLYWOOD STORES INC.,**<br><br>    **Defendant,** | **2:12-cv-00467** |
| **GEOTAG INC.,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**GROUPE DYNAMITE, INC. D/B/A GARAGE,**<br><br>    **Defendant,** | **2:12-cv-00468** |
| **GEOTAG INC.,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**GUESS? RETAIL INC.,**<br><br>    **Defendant,** | **2:12-cv-00469** |
| **GEOTAG INC.,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**H&M HENNES & MAURITZ LP,**<br><br>    **Defendant,** | **2:12-cv-00470** |

| | |
|---|---|
| **GEOTAG INC.,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**HANESBRANDS INC.,**<br><br>    **Defendant,** | **2:12-cv-00471** |
| **GEOTAG INC.,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**HOT TOPIC INC.,**<br><br>    **Defendant,** | **2:12-cv-00472** |
| **GEOTAG INC.,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**HUGO BOSS FASHION INC.,**<br><br>    **Defendant,** | **2:12-cv-00473** |
| **GEOTAG INC.,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**J. CREW GROUP INC.,**<br><br>    **Defendant,** | **2:12-cv-00474** |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:12-cv-00475** |
| **JIMMY JAZZ INC.,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:12-cv-00476** |
| **JOS. A. BANK CLOTHIERS INC.,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:12-cv-00477** |
| **ALCO STORES INC.** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:12-cv-00478** |
| **FRED'S INC.,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| Plaintiff, | |
| v. | **2:12-cv-00479** |
| **BAKERS FOOTWEAR GROUP,** | |
| Defendant, | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| Plaintiff, | |
| v. | **2:12-cv-00480** |
| **BROWN SHOE COMPANY INC.,** | |
| Defendant, | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| Plaintiff, | |
| v. | **2:12-cv-00481** |
| **COLLECTIVE BRANDS INC.,** | |
| Defendant, | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| Plaintiff, | |
| v. | **2:12-cv-00482** |
| **CROCS INC.,** | |
| Defendant, | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:12-cv-00483** |
| **DSW INC. D/B/A DSW SHOE INC.,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:12-cv-00484** |
| **FLEET FEET INC.,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:12-cv-00486** |
| **GENESCO INC.,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:12-cv-00487** |
| **HEELY'S INC,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| Plaintiff, | |
| v. | **2:12-cv-00488** |
| **JUSTIN BOOT COMPANY,** | |
| Defendant, | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| Plaintiff, | |
| v. | **2:12-cv-00520** |
| **AMERICAN GREETINGS CORPORATION,** | |
| Defendant, | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| Plaintiff, | |
| v. | **2:12-cv-00521** |
| **HALLMARK CARDS, INC.,** | |
| Defendant, | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| Plaintiff, | |
| v. | **2:12-cv-00522** |
| **HICKORY FARMS INC.,** | |
| Defendant, | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:12-cv-00523** |
| **SPENCER GIFTS LLC,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:12-cv-00524** |
| **INTERNATIONAL COFFE & TEA, LLC,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:12-cv-00525** |
| **THINGS REMEMBERED, INC.,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:12-cv-00526** |
| **THE YANKEE CANDLE COMPANY,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| Plaintiff, | |
| v. | **2:12-cv-00527** |
| **BOSE CORPORATION,** | |
| Defendant, | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| Plaintiff, | |
| v. | **2:12-cv-00528** |
| **GUITAR CENTER INC.,** | |
| Defendant, | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| Plaintiff, | |
| v. | **2:12-cv-00529** |
| **PROGRESSIVE CONCEPTS INC.,** | |
| Defendant, | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| Plaintiff, | |
| v. | **2:12-cv-00530** |
| **24 HOUR FITNESS WORLDWIDE INC.,** | |
| Defendant, | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| Plaintiff, | |
| v. | **2:12-cv-00531** |
| **BALLY TOTAL FITNESS CORPORATION,** | |
| Defendant, | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| Plaintiff, | |
| v. | **2:12-cv-00532** |
| **BARE ESCENTUALS INC.,** | |
| Defendant, | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| Plaintiff, | |
| v. | **2:12-cv-00533** |
| **BIOSCRIP INC.,** | |
| Defendant, | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| Plaintiff, | |
| v. | **2:12-cv-00534** |
| **CRABTREE & EVELYN,** | |
| Defendant, | |

| | |
|---|---|
| **GEOTAG INC.,**<br><br>      **Plaintiff,**<br><br>**v.**<br><br>**CURVES INTERNATIONAL INC.,**<br><br>      **Defendant,** | **2:12-cv-00535** |
| **GEOTAG INC.,**<br><br>      **Plaintiff,**<br><br>**v.**<br><br>**GOLD'S GYM INTERNATIONAL INC.,**<br><br>      **Defendant,** | **2:12-cv-00536** |
| **GEOTAG INC.,**<br><br>      **Plaintiff,**<br><br>**v.**<br><br>**GREAT CLIPS INC.,**<br><br>      **Defendant,** | **2:12-cv-00537** |
| **GEOTAG INC.,**<br><br>      **Plaintiff,**<br><br>**v.**<br><br>**L.A. FITNESS INTERNATIONAL LLC,**<br><br>      **Defendant,** | **2:12-cv-00538** |

| | |
|---|---|
| **GEOTAG INC.,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**LIFE TIME FITNESS INC.,**<br><br>      **Defendant,** | **2:12-cv-00539** |

| | |
|---|---|
| **GEOTAG INC.,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**M.A.C. COSMETICS INC.,**<br><br>      **Defendant,** | **2:12-cv-00540** |

| | |
|---|---|
| **GEOTAG INC.,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**MERLE NORMAN COSMETICS,**<br><br>      **Defendant,** | **2:12-cv-00541** |

| | |
|---|---|
| **GEOTAG INC.,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**VITAMIN COTTAGE NATURAL FOOD MARKETS, INC.,**<br><br>      **Defendant,** | **2:12-cv-00542** |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| v. | **2:12-cv-00543** |
| **REGIS CORPORATION,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| v. | **2:12-cv-00544** |
| **SALLY BEAUTY SUPPLY LLC,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| v. | **2:12-cv-00545** |
| **SEPHORA USA INC.,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| v. | **2:12-cv-00546** |
| **TONI&GUY USA, LLC,** | |
| **Defendant,** | |

| | |
|---|---|
| GEOTAG INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ULTA SALON, COSMETICS &<br>FRAGRANCE INC.,<br><br>    Defendant, | 2:12-cv-00547 |
| GEOTAG INC.,<br><br>    Plaintiff,<br><br>v.<br><br>VITAMIN SHOPPE INDUSTRIES, INC.,<br><br>    Defendant, | 2:12-cv-00548 |
| GEOTAG INC.,<br><br>    Plaintiff,<br><br>v.<br><br>EYEMART EXPRESS, LTD.,<br><br>    Defendant, | 2:12-cv-00549 |
| GEOTAG INC.,<br><br>    Plaintiff,<br><br>v.<br><br>LUXOTTICA RETAIL MORTH<br>AMERICA INC.,<br><br>    Defendant, | 2:12-cv-00550 |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:12-cv-00551** |
| **NATIONAL VISION INC.,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:12-cv-00552** |
| **U.S. VISION INC.,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:12-cv-00553** |
| **WILD BIRDS UNLIMITED INC.,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| **Plaintiff,** | |
| **v.** | **2:12-cv-00554** |
| **JOS. A. BANK CLOTHIERS INC.,** | |
| **Defendant,** | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| Plaintiff, | |
| v. | **2:12-cv-00555** |
| **BUTH-NA-BODHAIGE INC.,** | |
| Defendant, | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| Plaintiff, | |
| v. | **2:12-cv-00556** |
| **PSP GROUP, LLC,** | |
| Defendant, | |

| | |
|---|---|
| **GEOTAG INC.,** | |
| Plaintiff, | |
| v. | **2:12-cv-00557** |
| **RITZ INTERACTIVE LLC,** | |
| Defendant, | |

| | |
|---|---|
| **WHERE 2 GET IT, INC.;** e*t al.*, | |
| Plaintiff, | |
| v. | **2:12-cv-00149** |
| **GEOTAG INC.,** | |
| Defendant. | |

**PLAINTIFF GEOTAG INC.'S MOTION FOR ENTRY
OF AN AMENDED PROTECTIVE ORDER**

Pursuant to the Court' April 12 Order, GeoTag Inc. ("GeoTag") respectfully requests that the Court enter GeoTag's attached proposed Amended Protective Order (Exh. A). GeoTag and the Defendants diligently attempted to negotiate an agreed Amended Protective Order and despite the good faith attempt, there are six issues on which the parties were unable to agree:

- whether the source code must be made available for review in the Dallas, Texas metropolitan area or the Eastern District of Texas (§5(a));

- whether cell phones and a notetaking computer can be brought into the Source Code reviewing room so long as there is compliance with all other limitations for reviewing source code (§5(a)(2));

- whether Source Code must be produced in "compilable form" to allow the reviewer to analyze how the Source Code executes and operates (§5(a)(c));

- the tools that the Producing Party must make available for review and analysis on the "standalone" computer with the Source Code (§5(f));

- whether the Producing Party has the burden for justifying rejecting a good faith request for additional printed pages of source code in excess of the agreed page limits (§5(g)); and

- whether the prosecution bar should apply to defendants as well as the plaintiff's attorneys (§7).

These issues will be addressed briefly below.

## A.    Section 5(a) Location for Source Code

The parties agree that Source Code may be (a) produced directly to a Receiving Party, (b) made available at a secure facility in the Dallas, Texas metropolitan area, or (c) made available at a location mutually agreed upon by the Receiving and Producing Parties.  GeoTag believes that a fourth option would be to allow the Producing Party to make the Source Code available for inspection at the Producing Party's counsel located in the Dallas, Texas metropolitan area or in the Eastern District of Texas (collectively "Texas location").  This geographic limitation places very little burden on the parties because once the Source Code is loaded onto a "standalone computer," as the parties have agreed, the "standalone computer" could be as easily shipped to a Texas location, such as defendants' counsel, as it would be to ship it to a secure facility in Dallas or anywhere else in the country.  The defendants' agreement to a similar but narrower geographic limitation (limited to the Dallas metropolitan area) with respect to producing the Source Code at a secure location demonstrates that they recognize that there is little to no burden to such a geographic limitation.  Furthermore, producing Source Code in a limited geographic area will make it more efficient to travel to and review the code as well as make it available for trial

Defendants want to be able to make the Source Code available for inspection at the Producing Party's counsel anywhere in the country or anywhere "as permitted under the Federal Rules of Civil Procedure," which is unnecessarily inefficient.  Defendants' proposal will require a significant amount of wasted time and money traveling around the country to review individual Source Code, when the Source Code could just as easily be provided in a Texas location. Furthermore, the extensive travel substantially reduces the amount of time available to review the code in view of the current case schedule.  Therefore, GeoTag respectfully requests that the

Protective Order state that production to counsel of the Producing Party be limited to the "office of counsel for the Producing Party in the Dallas, Texas metropolitan area or in the Eastern District of Texas" and exclude the option to produce "as permitted under the Federal Rules of Civil Procedure."

**B.     Section 5(a)(2): Cell Phone and Notetaking Computer in the Source Code Reviewing Room**

GeoTag contends that the Receiving Party should be allowed to bring a cell phone and notetaking computer into the source code reviewing room, so long as the Receiving Party does not use Internet access and only use voice capabilities on the phone.  Use of the voice capabilities of a cell phone and a notetaking computer (without Internet access) will allow for a more efficient review of the Source Code than isolating the reviewer and requiring handwritten notes.  Any concern defendants have regarding the use of a cell phone or a notetaking computer in the Source Code review room are unwarranted in view of the significant protections provided by the Protective Order.  For example, the agreed portion of the Protective Order requires advance notice of anyone reviewing the code, an opportunity to object to any expert or consultant who will review the code, limits what notes can be taken and how much code can be copied, and requires signing an agreement to be bound by the terms of the Protective Order. Therefore, any further restrictions on how the code is reviewed are unnecessary.

**C.     Section 5(c): Making Source Code Available "In A Compilable Form"**

GeoTag contends that Source Code should be made available "in a compilable form, to the extent it exists in that format and can be produced or made available in that format without undue burden."  A "compilable form" is necessary to be able to execute the code to see how it operates when it executes.  Defendants want to limit production of Source Code to solely

electronic native format so that it can only be reviewed and not executed.  Defendants contended

that producing in "compilable form" may not be possible because it is in the possession of a third

party, however, that concern should be alleviated because the Order would only require

production if it is not an "undue burden."  Defendants also content that producing in "compilable

form" is impractical because certain executable code requires access to the Internet (*e.g.*, Google

and Mapquest).  However, this argument fails because GeoTag would still be able to see how the

code operates and executes from the "compilable form" without the Internet access.

**D.      Section 5(f): Making Source Code Available With Tools To Analyze The Source Code**

To the extent that the Source Code is not produced to a Receiving Party, GeoTag believes

that the Producing Party shall install tools on the "standalone computer" sufficient to "analyze"

the code, including providing specific tools, "Visual Studio" and "Understand tools."  These

tools allow the reviewing party to analyze how the code executes and operates.  Defendants seek

to significantly restrict review of the code to only "viewing and searching."  Such a limitation

unnecessarily restricts the Receiving Party's ability to perform a thorough infringement analysis

on the Source Code.

**E.      Section 5(g): The Burden for Denying The Production of Additional Source Code Beyond The Agreed Limits Should Remain On The Producing Party**

GeoTag contends that so long as the Receiving Party has a good faith reason for

requesting more than the limit of a block of 35 pages of source code, or more than 500 pages

total, that the Producing Party shall have the burden of demonstrating why it should not comply

with the request.  Defendants, however, want the burden on the Receiving Party to demonstrate

good cause for requesting the additional pages.  As with the remainder of the Protective Order

that places the burden on the party seeking to limit the disclosure of information, the Producing

Party should likewise maintain the burden of demonstrating why it should not comply with the request for additional pages of Source Code.

      **F.**     **Section 7: Patent Prosecution Bar**

GeoTag contends that the patent prosecution bar should apply equally to the defendants as to the plaintiff.  If plaintiffs who review defendants' Highly Sensitive Material of the defendants are subject to the prosecution bar, then defendants who review plaintiff's Highly Sensitive Material should likewise be subject to the prosecution bar.  For example, GeoTag currently has a product, ZLand.com which includes proprietary code that is relevant to the patent-in-suit.  Like Defendants' concerns about its Highly Sensitive Material, GeoTag has the same concerns about its proprietary product and source code.  In addition, the prosecution bar should not include reexaminations, which could not broaden the scope of the issued patent.

Dated:  September 27, 2012              Respectfully submitted,

                                  */s/ David R. Bennett*
By:  David R. Bennett
      Direction IP Law
      P.O. Box 14184
      Chicago, IL 60614-0184
      Telephone: (312) 291-1667
      e-mail:  dbennett@directionip.com

      Daniel Mount
      Kevin Pasquinelli
      Mount Spelman & Fingerman, PC
      333 West San Carlos Street
      Riverpark Tower, Suite 1650
      San Jose, CA 95110
      Telephone: (408) 279-7000
      e-mail: dan@mount.com
             kpasquinelli@mount.com

      Andrew Spangler

Texas State Bar No. 24041960
Spangler & Fussell, PC
208 N. Green Street
Suite 300
Longview, TX 75601
Telephone: (903) 753-9300
e-mail: spangler@sfipfirm.com

Hao Ni
Texas State Bar No. 24047205
Stevenson Moore
Texas State Bar No. 24076573
Ni Law Firm, PLLC
8140 Walnut Hill Lane
Suite 310
Dallas, Texas  75231
Telephone:  (972) 331-4602
Facsimile:   (972) 314-0900
e-mail: hni@nilawfirm.com
           smoore@nilawfirm.com

**ATTORNEYS FOR PLAINTIFF
GEOTAG INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on September 27, 2012, to all counsel of record who are deemed to

have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).


_/s/David R. Bennett_____
David R. Bennett

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned hereby certifies that counsel has complied with the meet and confer requirement of Local Rule CV-7(h). The Parties conferred by telephone and web conference on September 27, 2012 in good faith in an attempt to reach an agreement regarding the terms of the proposed Protective Order. The Parties were unable to reach an agreement on all provisions. Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

*/s/David R. Bennett*
David R. Bennett